IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IMG WORLDWIDE, INC., *et al.,* ) | CASE NO. 1:11 CV 1594 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| WESTCHESTER FIRE INSURANCE, CO., ) | |
| ) | |
| Defendants. ) | MEMORANDUM OPINION |
| ) | AND ORDER |

This matter is before the Court on Defendant, Westchester Fire Insurance Company's Motion for Reconsideration of the Court's Order (ECF #52), denying the parties' cross motions for summary judgment on the issues of coverage. (ECF #54). Westchester's motion cites no new law, nor any facts that were not available at the time of its original motion for summary judgment. A motion for reconsideration is not the proper means by which a party may raise issues or facts that have been or could have been addressed in the original proceedings. Rather, if a party is not satisfied with a Court ruling, made with full access to the relevant law and facts, its dissatisfaction may be addressed at the appropriate time through an appeal.

The only newly decided case cited by the Defendants is *Westfield Ins. Co. V. Custom*

*Agri Sys., Inc.*, No. 2011-1486, 2012 WL 4944305, at *1 (Ohio Oct. 16, 2012), like many of the other cases previously relied on by Defendants involves a claim for defective construction and faulty workmanship, brought as breach of contract action or failure to perform in an workmanlike manner. In general under these factual scenarios courts have found that the failure to perform appropriately under a contract or construction agreement does not equate to "property damage" for purposes of insurance coverage. In this case, however, the *Gastaldi* court made clear that the IMG Plaintiffs had no contractual relationship with the parties who sought to recover under the insurance policy, and that they could not be held vicariously liable for the actions of the entities who did have a direct contractual relationship with the *Gastaldi* Plaintiffs. Because there was no contractual relationship between the IMG Plaintiffs in this case and the *Gastaldi* Plaintiffs in the underlying action, the construction cases cited by Defendants are not controlling, or otherwise applicable to the facts of this case.

Furthermore, even if the Defendants were correct that "property damage" and its contractual definition "loss of use of tangible property that is not physically injured" appear to be facially unambiguous, Ohio courts and the Sixth Circuit have recognized that facially unambiguous language in an insurance contract may become ambiguous when applied to a specific fact pattern. Such "latent ambiguities" arise when a fact pattern does not cleanly fit into or fall outside the general language and definitions set forth prospectively in the contract. *See, e.g., Longaberger Co. v. U.S. Fid. & Guar. Co.*, 31 F.Supp.2d 595, 602 (S.D. Ohio 1998); *Park-Ohio Indus., Inc. v. Home Indem. Co.*, 975 F.2d 1215, 1219 (6th Cir. 1992). As set forth in the prior order, this Court has found that a latent ambiguity does indeed exist in the language of this policy as it would be applied to the facts at issue in this case.

In conclusion, this Court finds no reason to alter the decision set forth in its October 4, 2012 Order denying the cross-motions for summary judgment on the coverage issues. Defendant's Motion for Reconsideration is, therefore, denied.

IT IS SO ORDERED.

    /s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date:   December 13, 2012