UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IMG WORLDWIDE, INC., *et al.*, | ) | CASE NO. 1:11 CV 1594 |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

This matter comes before the Court upon Plaintiff's Bill of Costs submitted pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 (ECF #160). The Defendant has not filed a response in opposition. The Court finds that the Plaintiff's documentation in support of its Bill of Costs demonstrates that the costs were reasonably necessary at the time incurred. Therefore, Plaintiff's Bill of Costs is GRANTED.

**Procedural and Factual Background**

On June 17, 2013, the Court granted Final Judgment in favor of the Plaintiff based on the unanimous Verdict of a Jury pursuant to Rule 58 of the Federal Rules of Civil Procedure. (ECF #159). As the prevailing party, Plaintiff filed a Bill of Costs on July 1, 2013, seeking $4,370.88 in costs broken down into fees of the Clerk ($350.00); fees for service of summons and subpoena ($25.00); fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($3,134.88); and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case ($861.00). (ECF #160). On July 10, 2013, Defendant filed a Notice of Appeal to the United States Court of Appeals for the Sixth

Circuit. (ECF #163). The Defendant has not filed a response in opposition to the Plaintiff's Bill of Costs.

## Standard of Review

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986)). However, "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption" favoring an award of costs to the prevailing party. *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir.1959). In addition, "although some authority exists for staying the imposition of costs pending appeal, *see Brown v. American Enka Corp.*, 452 F. Supp. 154,160 (E.D. Tenn. 1976), Rule 54(d) creates a presumption in favor of the taxation of costs and 'a district court deciding not to award costs at the customary stage must provide a valid reason.'" *Holley v. Giles County*, No. 1:03-0071, 2005 U.S. Dist. LEXIS 44372 (M.D. Tenn. Sept. 12, 2005) (quoting *Singleton v. Dep't of Corr. Educ.*, No. 1:03CV00004, 2003 U.S. Dist. LEXIS 17834 (E.D. Va. Oct. 3, 2003)).

## Conclusion

Having determined that the Plaintiff's documentation in support of its Bill of Costs demonstrates that the costs were reasonably necessary at the time incurred and given the lack of a response in opposition filed by the Defendant, the Court finds that there is no valid reason for

staying the imposition of costs pending appeal. Accordingly, Plaintiff's Bill of Costs (ECF #160) is GRANTED. The Clerk of Court is hereby instructed to impose costs against Defendant in the amount of $4,370.88 in accordance with Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920.

    IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *August 8, 2013*